IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN GOTTFRIED,
LATIA NOAH,

        Plaintiffs,

    v.

ODHS, CITY OF EUGENE, SAINT VINCENT
DEPAUL, CARLY DAVY, ALEISHA CONWAY,
KIMI MURAYAMA, DANIEL DELGADO, JENNY
MITCHELL, LEASA STEPHENS, BILL PALMER,
DOE DEFENDANTS 1-25,

        Defendants.

Case No. 6:25-cv-01827-AP

ORDER

MCSHANE, Judge:

Magistrate Judge Amy E. Potter filed a Findings and Recommendation (F&R, ECF No. 47), and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72. Plaintiffs filed Objections on June 1, 2026, well beyond the deadline of May 13, 2026 for timely filing objections.[1] ECF No. 49. As Judge Potter advised, "a party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration

---

[1] Plaintiffs' filing is signed and dated "May 31, 2026." In addition, it is signed *only* by Plaintiff Justin Gottfried. *Pro se* litigants may not represent anyone other than themselves. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008).

1 – ORDER

of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge." F&R 8*; see Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding *pro se* status does not exempt litigant from complying with court deadlines). When no timely objections are filed, the Court reviews the matter for clear error. *E.g.*, *Campbell v. U.S. Dist. Ct. for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974) ("If neither party contests the magistrate[] [judge's] proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law."). Having reviewed the record and Findings and Recommendation, the Court finds no error and concludes the report is correct. Even if the Court were to review Judge Potter's findings *de novo*, Plaintiffs' objections are meritless.[2] Judge Potter identified multiple independent and sufficient reasons Plaintiffs fail to state a claim and properly deemed further amendment futile after multiple screening orders.

Magistrate Judge Potter's Findings and Recommendation (ECF No. 47) is adopted in full. Plaintiffs' Motion for Recusal (ECF No. 45) is DENIED. Further, Plaintiffs have failed to state a claim for relief in their Amended Complaint (ECF No. 32) and the case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

DATED this 5th day of June, 2026.

_____s/Michael J. McShane_____
Michael J. McShane
United States District Judge

---

[2] Plaintiffs attach a "Supplemental Complaint" (ECF No. 49-1) and refer to "Supplemental Authority" (ECF No. 49-2) in the Objections. Plaintiffs' Objections are not an appropriate avenue for amending claims or presenting new theories following multiple screenings by the assigned Magistrate Judge.